### BENDLES & BOLINGER *v.* THOMAS M. PIERCE.

**Assignment of Claims—Bankruptcy.**

Where one assigns portions of a claim to several persons named long before he is adjudged a bankrupt he can have no beneficial interest in such claims, and no interest passed to his assignee in bankruptcy.

**Practice—Assignment of Claim.**

Where the right of a plaintiff is assigned during the pendency of the action, it may be continued in his name, or the court may allow the name of the assignee to be substituted in the action.

#### APPEAL FROM GRAVES CIRCUIT COURT.

December 5, 1877.

OPINION BY JUDGE COFER:

If, as Bendles and Bolinger now contend, the railroad company was liable to Pierce and Ramsey for the price of the work done by them, then in their suit against the company Bendles & Bolinger asserted claim to over $6,000, to only a small part of which they were entitled. The claims asserted in the suit against the railroad company for the whole contract price of the work done by Pierce and Ramsey was a construction by Bendles & Bolinger of their contract with them, and having construed the contract as not binding the company to pay to Pierce and Ramsey, and having secured the benefit of that construction in their litigation with the company, they cannot be permitted now to repudiate that construction in order to escape liability on the contract. They asserted claim against the company for the whole contract price of the work, and thereby gave their own construction to the contract; and they introduced Pierce as a witness and proved what they could by him to establish their claim. This brought notice to Pierce and Ramsey that they (Bendles and Bolinger) were claiming to recover of the company for work done by them (Pierce and Ramsey), and thereby estopped them forever afterward from asserting claim on their contract against the company; for it cannot be doubted but that the record of *Bendles & Bolinger v. Railroad Company,* coupled with the fact

that Pierce was a witness in that case, would have operated as an estoppel against Pierce and Ramsey.

Nor can an inquiry be made here whether Bendles and Bolinger recovered anything in that suit on account of work done by Pierce and Ramsey. They chose to construe the contract for themselves, and to set up in their pleadings and prove before the arbitrators the work of Pierce and Ramsey, and thereby made that claim their own, and it is now impossible to say how much of the amount awarded them was for work done by their subcontractors.

Having taken upon themselves to assert the claim they must now be taken to have received the full benefit of all the work done by Pierce and Ramsey, and be treated as if it had been paid for in full to them. If the company had paid them in full for Pierce and Ramsey's work it would be clear that they would be liable to Pierce and Ramsey for the price stipulated to be paid to them, and it would also be clear that they could not insist upon the stipulation in the contract that 50 per cent. of the price of the work should be paid for in stock subscriptions in Tennessee. The stock subscriptions belonging to the railroad company, Bendles and Bolinger, having no claim against the company, have no means of getting the necessary subscriptions to pay Pierce's and Ramsey's debt against them, and they must therefore pay it in cash. Nor are they entitled to credit for any balance unpaid on Pierce's subscription. If he owes that to any one he owes it to the company, and the company having paid Bendles and Bolinger in full, or, what is the same thing, having a full acquittance against them in the judgment in the award, they have no claim to anything that is or was due to the company.

The assignment by Pierce of portions of his claim to the several persons named was made long before Pierce was adjudged a bankrupt. After he made these transfers he had no beneficial interest in the claim, and no interest in it passed to his assignee in bankruptcy. Nor was it necessary that those to whom the debt was transferred should have been substituted as plaintiff's instead of Pierce, or as co-plaintiffs with him.

Where the right of the plaintiff is transferred or assigned during the pendency of the action, it may be continued in his name, or the court may allow the person to whom the transfer or assignment is made to be substituted in the action, proper orders being made as to security for costs. Sec. 32, Myers's Code.

This claim was not assignable, and it was therefore necessary

that Pierce should remain on the record as a plaintiff, but the whole beneficial interest having been transferred before, nothing remained in him at the time of his bankruptcy except the naked legal title which he held in trust for the transferees, and there was nothing to pass to his assignee in bankruptcy; there was no irregularity in allowing the suit to progress in his name, and the rights of Bendles and Bolinger were not prejudiced by the form of the judgment.

The evidence clearly warranted a judgment for the amount adjudged. The pleadings were before this court on a former appeal, and as any objection to their sufficiency might and should have been presented at that time we cannot look into them now at the instance of the parties who were appellants then.

Perceiving no error in the judgment it is *affirmed*.

*Boone & Anderson, J. T. Bolinger, for appellants.*

*R. K. Williams, for appellee.*